**FILED**

Lucinda B. Rauback, Clerk
**United States Bankruptcy Court**
**Augusta, Georgia**
*By jpayton at 4:57 pm, May 13, 2013*

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE

SOUTHERN DISTRICT OF GEORGIA
Augusta Division

| | | |
|---|---|---|
| IN RE: | ) | Chapter 7 Case |
| | ) | Number <u>13-10480</u> |
| MICHAEL WOOD, JR. | ) | |
| | ) | |
| Debtor | ) | |
| | ) | |

## OPINION AND ORDER

This matter is before the Court on a show cause why Michael Wood, Jr. ("Debtor"), should not be dismissed from this case because of Mr. Wood's failure to timely obtain credit counseling pursuant to 11 U.S.C. §109(h). This is a core proceeding pursuant to 28 U.S.C. §§157(b)(2)(A) and (b)(2)(O).

## FINDINGS OF FACT

On March 15, 2013, Michael Wood, Jr. filed his chapter 13 bankruptcy petition. On April 4, 2013 Notice of Failure to File Valid Credit Counseling Certificate was issued by the clerk. (Dckt. No. 7.) Mr. Wood's Amended Exhibit D - Individual Debtor's Statement of Compliance with Credit Counseling Requirement filed March 19, 2013 (Dckt. No. 10) reflects "I was unable to pay the fee until 18 Mar[ch 20]13." The Certificate of Counseling reflects Debtor completed the counseling after he filed bankruptcy. (Dckt.

No. 9.)  Debtor appeared at the show cause hearing and stated he did not have the funds to pay for the counseling pre-petition.

## CONCLUSIONS OF LAW

Section 109(h) of the Bankruptcy Code was added by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA") and provides:

> an individual **may not be a debtor** under this title unless such individual has, during the 180-day period **preceding the date of filing** of the petition by such individual, received from an approved nonprofit budget and credit counseling agency . . . an individual or group briefing (including a briefing conducted by telephone or on the Internet). . . .

11 U.S.C. §109(h)(1)(emphasis added).  Each individual must complete the pre-petition credit counseling course and file the certificate with the Court evidencing compliance unless one of three exceptions is applicable. 11 U.S.C. §§521(b)(1) and 109(h).  These exceptions are:

> (1) the individual resides in a district for which the United States trustee has determined credit counseling is not reasonably available;
>
> (2) the individual certifies he requested credit counseling prior to filing, but was unable to obtain the course during the 7 days following such request, and was forced to file the bankruptcy case due to exigent circumstances prior to completing the course and such circumstances are satisfactory to the court; or

2

✎AO 72A

(Rev. 8/82)

> (3) the individual is unable to complete the requirement due to an incapacity, disability, or active military duty in a military combat zone.

11 U.S.C. §§ 109(h)(2), (3) and (4). Unless an individual files the required certificate or falls within one of these three exceptions, they may not be a debtor under the Bankruptcy Code. 11 U.S.C. §109(h)(1); see also In re Neal, No. 08-10277 (Bankr. S.D. Ga. Apr. 30, 2008) (J. Barrett); In re Sharpton, No. 08-12171 (Bankr. S.D. Ga. Nov. 6, 2008); In re Irwin, 2009 WL 5322418 (Bankr. S.D. Ga. Apr. 8, 2009). Pursuant to 11 U.S.C. §111(2)(B), a credit counseling agency is required to provide counseling "without regard to the ability to pay." There was no evidence Debtor asked the agency for a waiver of the fee. See In re Sherry, 2008 WL 3876595 *1 (Bankr. N.D. Ohio August 20, 2008)(holding inability to pay is not an exigent circumstance and noting there was no indication the debtor had requested to obtain the credit counseling at no charge). The inability to pay the filing fee for credit counseling is not an exigent circumstance. In re Shaw-Richarson, 2012 WL 2741211 *1 (Bankr. D. Col. July 9, 2012)("[C]ourts have consistently held that inability to pay for credit counseling does not constitute an exigent circumstance within the meaning of 11 U.S.C. §109(h)(3)(A)(I), or otherwise state grounds for waiver of the prepetition credit counseling requirement."); In re Fortman, 456

3

B.R. 370, 374 (Bankr. N.D. Ind. 2011)(same).   For these reasons, Debtor is not eligible to be a debtor in this case.   Therefore, IT IS ORDERED that this case is dismissed.

SUSAN D. BARRETT
CHIEF UNITED STATES BANKRUPTCY JUDGE

Dated at Augusta, Georgia
this 13th Day of May 2013.

4